141 N.J. Super. 19 (1976)
357 A.2d 65
BOROUGH OF GLASSBORO, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, TOWNSHIP OF GALLOWAY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, TOWNSHIP OF WINSLOW, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, CITY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND TOWNSHIP OF LITTLE FALLS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
BRENDAN T. BYRNE, GOVERNOR OF THE STATE OF NEW JERSEY, RICHARD C. LEONE, TREASURER OF THE STATE OF NEW JERSEY, THE NEW JERSEY STATE SENATE, THE GENERAL ASSEMBLY OF THE STATE OF NEW JERSEY, RALPH A. DUNGAN, CHANCELLOR OF THE DEPARTMENT OF HIGHER EDUCATION OF THE STATE OF NEW JERSEY, THE DEPARTMENT OF HIGHER EDUCATION OF THE STATE OF NEW JERSEY, THE BOARD OF GOVERNORS OF RUTGERS, THE STATE UNIVERSITY, THE BOARD OF TRUSTEES OF RUTGERS, THE STATE UNIVERSITY, RUTGERS, THE STATE UNIVERSITY, THE STATE OF NEW JERSEY, THE TOWNSHIP OF EWING, A MUNICIPAL CORPORATION, CITY OF TRENTON, A MUNICIPAL CORPORATION, AND CITY OF NEW BRUNSWICK, A MUNICIPAL CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1976.
Decided April 27, 1976.
*21 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Herbert K. Glickman argued the cause for appellants Brendan T. Byrne, Richard C. Leone, New Jersey State Senate, General Assembly of the State of New Jersey, Ralph A. Dungan, Department of Higher Education of the State of New Jersey, and State of New Jersey (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Richard M. Conley, Deputy Attorney General, on the brief).
Mr. Charles P. Allen, Jr., argued the cause for appellant Township of Ewing (Messrs. Dietrich, Allen & St. John, attorneys).
Mr. Michael L. Bitterman argued the cause for appellant City of Trenton (Mr. George T. Dougherty, City Attorney, attorney).
Mr. Gilbert L. Nelson, attorney for appellant City of New Brunswick (Mr. Robert W. Gluck on the brief).
A statement in lieu of brief was filed on behalf of appellants Board of Governors of Rutgers, Board of Trustees of Rutgers, and Rutgers, the State University by Mr. Robert S. Schulman (Messrs. Pitney, Hardin & Kipp, attorneys).
Mr. Joseph F. Lisa argued the cause for respondents and cross appellants Borough of Glassboro, Township of Winslow and Township of Galloway.
*22 Mr. Martin F. McKernan, Jr., City Attorney, argued the cause for respondent City of Camden.
A statement in lieu of brief was filed on behalf of respondent City of Newark by Mr. Melvin Simon, Assistant Corporation Counsel.
A statement in lieu of brief was filed on behalf of respondent Township of Little Falls by Mr. James V. Segreto, Township Attorney.
PER CURIAM.
This is an appeal from a judgment of the Law Division in a proceeding in lieu of prerogative writs which, among other things, found three line items in the General Appropriations Act passed by the Legislature and signed by the Governor for the fiscal year 1974-1975 unconstitutional.
The facts are undisputed. The General Appropriations Act adopted by the Legislature and signed by the Governor for the fiscal year 1974-1975 contained the following appropriations:
To the capital district for municipal services and in lieu of taxes:

 Trenton ($ 560,000)
 Ewing Township ($ 300,000)

The act also included an appropriation to Rutgers, The State University, of which $265,000 was to be allocated to the City of New Brunswick for municipal services. These appropriations were in fact paid to the three municipalities during the fiscal year in question.
The Borough of Glassboro instituted this action in lieu of prerogative writs, demanding that defendant Governor and the New Jersey Senate and General Assembly supplement the state budget for the fiscal year 1974-1975 by providing appropriations to it, and other similarly situated municipalities, payments in lieu of taxes for state-owned land and facilities in such municipalities  the same as had allegedly *23 been provided in the state budget for defendants Trenton, Ewing and New Brunswick. In the alternative, the complaint demanded that the appropriations heretofore made to Trenton, Ewing and New Brunswick be declared unconstitutional and that the monies paid to these municipalities be returned to the State Treasury. The legal theory claimed to support the relief sought was that such appropriations to the three municipalities mentioned constituted "a private, special or local law relating to taxation or exemption therefrom," and is thereby in violation of N.J. Const. (1947), Art. IV, § 7, par. 9, subpar. 6. During the course of the proceedings several other municipalities were permitted to intervene, each claiming relief similar to that sought by Glassboro.
The trial judge, in an oral opinion, found the three line items in question to be unconstitutional in that they constituted private, local or special laws relating to taxation or the exemption therefrom. He refused to order the three municipalities to pay back the monies that they received, but he enjoined the Governor, the Senate and the General Assembly from enacting into law that portion of the new state budget which concerned appropriations to Trenton, Ewing and New Brunswick for municipal services and as payments in lieu of taxes. We disagree with his conclusions and reverse.
The trial judge seemingly recognized that municipalities cannot be the subject of discriminatory practice by the State. Clearly, equal protection considerations do not apply to municipal corporations which are the creatures of the State itself. His approach, rather, was that the three line items in question each constituted in itself a local, private or special law which was related to taxation. He found that since this was so our Constitution prohibited their enactment absent the special procedures established in the Constitution. We fail to find a rational basis for his conclusion. Clearly, the line items here are not laws of themselves. They *24 are merely line items in a very general piece of legislation  the annual Appropriations Act; that act is the very vitality of the state budget. It is enacted each year by the Legislature in compliance with the provisions of our Constitution, Art. VIII, § 2, par. 2. In addition, we fail to see how these line items relate to taxation or the exemption therefrom. While it is true that the funds appropriated must have their source in the revenues derived from the tax laws, they do not in themselves levy a tax or provide from any exemption from taxation. They constitute an appropriation or spending of money by the State rather than the taxation or gathering of money by the State.
In our judgment these line item appropriations cannot be questioned by the municipalities concerned in the courts. The appropriations represent an exercise of legislative judgment. As such, they constituted a purely political decision and an exercise of governmental discretion. We fail to find any justiciable issue in the exercise of such power.
We also observe that the appropriations made to each municipality concerned represent a decision by the Legislature to reimburse those political subdivisions for the extraordinary services they are called upon to render because of the extensive existence of state-owned facilities within their borders. An obvious example comes to mind in the case of the City of Trenton: the existence of the State Capitol building itself, which draws numerous visitors, taxpayers, demonstrators and the like  all seeking to exert some kind of influence or pressure upon legislators and the Governor. In instances where a large number of citizens appear the facilities of the City of Trenton are sorely taxed. The line appropriation in question represents a quid pro quo for the strain placed upon the municipal government. Similar examples come readily to mind with respect to New Brunswick within the borders of which is found the State University, and Ewing Township which contains many of the State's departmental facilities.
The judgment of the Law Division is reversed.