RUTGERS, THE STATE UNIVERSITY, PLAINTIFF, v. PISCATAWAY TOWNSHIP, DEFENDANT.

Tax Court of New Jersey

July 10, 1980.

*Pitney, Hardin & Kipp* for plaintiff (*Paul E. Graham* appearing; *Richard L. Plotkin*, on the brief).

*M. Roy Oake* for defendant.

CONLEY, J. T. C.

This matter involves the treatment for real property tax purposes of certain land owned by Rutgers, The State University, in the Township of Piscataway for the years 1977 and 1978. Rutgers sought to have these lands assessed by Piscataway for 1977 pursuant to the tax benefit provisions applicable to state property as contained in *N.J.S.A.* 54:4–2.1. This statutory assessment scheme was repealed as of the year 1978 by *L.* 1977, *c.* 272. In Chapter 272 the Legislature provided that for 1978 and thereafter the State would make direct payments in lieu of tax to municipalities in which certain state property is located. *N.J.S.A.* 54:4–2.2a *et seq.* For 1978 Rutgers sought to have the in lieu of tax statute applied with respect to these properties. As an alternative claim for 1977 and a correlative claim for 1978, Rutgers each year filed a timely application with defendant's tax assessor for tax exemption of these lands pursuant to *N.J.S.A.* 54:4–3.3. This statute provides that property of the State of New Jersey used for public purposes shall be exempt from local property taxation. Defendant township denied Rutgers' contentions and placed full assessments on the properties for both years. Rutgers appealed to the Middlesex County Board of Taxation, challenging both the amounts of the assessments and the denial of tax exempt status. The county board affirmed the assessments except as discussed later in this opinion. Rutgers appealed to the Division of Tax Appeals, raising the same issues as had been raised before the county board, and the matter was transferred to this court pursuant to *N.J.S.A.* 2A:3A–26.

The case is presently before the court on the motion of Rutgers for summary judgment. At the oral argument on the motion it was agreed by both parties that there are no material facts in dispute and that the legal questions are properly the subject of a motion for summary judgment. *R.* 4:46. The motion was heard by Presiding Judge Lasser of the Tax Court, but it has been transferred to me for decision with the consent of the parties. Subsequent to oral argument Rutgers filed a written withdrawal of its appeal for the year 1977. The issue

involving *N.J.S.A.* 54:4–2.1 is therefore moot. The only issue left to be resolved is the appropriate treatment of the subject properties for 1978.

The land involved in the 1978 appeals consists of 180 separate lots totalling approximately 555 acres in Piscataway Township. One group of properties, comprising about 192 acres, is either adjacent to or in the vicinity of the Rutgers Athletic Center. Rutgers appropriated funds as early as 1976 for the development of these properties as athletic fields for both intercollegiate and intramural activities. The aggregate assessment placed on this group of properties by defendant township was $5,848,100. Aside from the Athletic Center and its parking lot, these properties were assessed as vacant land. The assessments were reduced by the Middlesex County Board of Taxation to the aggregate sum of $1,069,500, primarily as a result of its determination that the Athletic Center building, which had been assessed at $4,404,800, was exempt from local property taxation. The other group of properties involved in this litigation constitutes the Rutgers Ecological Preserve and Natural Teaching Area, comprising about 362 acres of vacant land in an area sometimes referred to as Kilmer Woods and generally located between River Road and the Livingston Campus, Metlars Lane and Cedar Lane. The preserve was formally established by action of the Board of Governors of Rutgers in 1976. The aggregate assessment placed upon these parcels for 1978 was $2,718,800.

Rutgers' claim for 1978 involves *N.J.S.A.* 54:4–2.2c which provides that each assessor shall annually send to the Director of the State Division of Taxation a statement of the taxable value of each parcel of state-owned property in the taxing district. The Director then must review and revise the list and compute the State's liability to the taxing district in lieu of property taxes. The pertinent portion of the statutory scheme for purposes of this litigation is the term "state property," which is defined to mean

. . . land and improvements owned by the State and includes but shall not be limited to State offices, hospitals, institutions, schools, colleges, universities, garages, inspection stations, warehouses, barracks and armories together with

abutting vacant land held for future development for the same purposes. State property shall not include that used or held for future use for highway, bridge or tunnel purposes or property which is qualified under State law for any other State payment in lieu of taxes. [*N.J.S.A.* 54:4–2.2a]

At oral argument Piscataway conceded that the statute appeared to include Rutgers as the same as or as equivalent to the State. However, the township raised the question whether vacant land qualified for the in lieu of tax treatment provided for in the statute. In its brief the township argued also that Rutgers has a significant amount of land exempt from taxation pursuant to *N.J.S.A.* 54:4–3.6 and that if Rutgers were now granted an exemption on additional property pursuant to *N.J. S.A.* 54:4–2.2a, this "would be inconsistent and would only result in uncertainty with respect to the correct method of taxation to be applied" to Rutgers' property.

The latter issue raised by Piscataway has no merit. The township cites no authority, and the court is aware of none that would require all real estate in common ownership to be dealt with under the same statutory section. On the contrary, a large institutional taxpayer might own a tract of land that is in part assessed at full value pursuant to *N.J.S.A.* 54:4–23, in part assessed at farmland values pursuant to *N.J.S.A.* 54:4–23.1 *et seq.*, and in part exempt pursuant to *N.J.S.A.* 54:4–3.6. Such different treatment of portions of a taxpayer's lands would not be "inconsistent" or "uncertain," as alleged by defendant, but rather would be entirely consistent with the constitutional standard that property shall be assessed according to its use rather than its ownership. *N.J. Turnpike Auth. v. Washington Tp.*, 16 *N.J.* 38, 44–45, 106 *A.2d* 4 (1954).

With respect to the remainder of its opposition to Rutgers' motion for summary judgment, Piscataway has virtually conceded that the term "state property" as used in *N.J.S.A.* 54:4–2.2a includes property owned by Rutgers. The historical background and present legal status of Rutgers is discussed at length in several judicial opinions and need not be repeated here. *Rutgers v. Piluso*, 60 *N.J.* 142, 286 *A.2d* 697 (1972); *Briscow v. Rutgers*, 130 *N.J.Super.* 493, 327 *A.2d* 687 (Law

Div.1974); *Rutgers v. Kugler*, 110 *N.J.Super.* 424, 265 *A.2d* 847 (Law Div.1970), and *Trustees of Rutgers College in New Jersey v. Richman*, 41 *N.J.Super.* 259, 125 *A.2d* 10 (Ch.Div.1956). The Legislature has also dealt specifically with the status of Rutgers as The State University. *N.J.S.A.* 18A:65–1 *et seq.* This court holds that the Legislature, in enacting *L.* 1977, *c.* 272, intended to treat Rutgers property as state property for purposes of payments in lieu of taxes to New Jersey municipalities. This conclusion is corroborated by the Legislature's use of the term "universities" in the definition of state property. It is further corroborated by the fact that the Legislature in recent years has expressly appropriated in lieu of tax payments to Rutgers, the State University, for allocation to New Brunswick for municipal services rendered to state-owned land and facilities. *See Glassboro v. Byrne*, 141 *N.J.Super.* 19, 357 *A.2d* 65 (App.Div.1976), certif. den. 71 *N.J.* 518, 366 *A.2d* 674 (1976).

■ Piscataway contends that even if Rutgers property is the equivalent of state property in a general sense, the Legislature did not intend in enacting *L.* 1977, *c.* 272, to have the State make payments in lieu of tax to municipalities for vacant land of the type owned by Rutgers in the vicinity of the Athletic Center and the Ecological Preserve and Natural Teaching Area. The township advances no support for its contention but presumably relies upon the language of the statute which places primary emphasis upon improvements to real property rather than upon land alone, specifying such property as "offices, hospitals, institutions, schools, colleges, universities . . . ." Nonetheless, the statute adds that in addition to the specified improvements, state property includes "abutting vacant land held for future development for the same purposes."

The proofs filed in support of the motion for summary judgment show that Rutgers has authorized the development of these lands for university purposes. Furthermore, in *Rutgers v. Piluso, supra*, the court described the tremendous expansion of Rutgers in recent years and concluded that "it is apparent that

the greater part of the necessary future physical growth will have to take place on the Piscataway campus, where a substantial number of new buildings and other facilities have already been erected." *Id.* 60 *N.J.* at 144–145, 286 *A.2d* at 698. Taking this observation of the Supreme Court as undisputed for purposes of the present case, I find that the Piscataway campus is an integral part of Rutgers, The State University. The court in *Rutgers v. Piluso* stated that the Piscataway campus comprises many hundreds of acres "quite set apart, physically, from other land uses . . . ." Thus, the Piscataway properties involved in this litigation cannot be said to be vacant land "abutting" the main Rutgers campus in New Brunswick. However, since *N.J. S.A.* 54:4–2.2a refers to vacant land abutting state universities and since the Piscataway properties are fully a part of Rutgers University, the Piscataway properties need not "abut" the central campus. The Athletic Center and Ecological Preserve and Natural Teaching Area therefore come within the express language of *N.J.S.A.* 54:4–2.2a.

The conclusion of this court that the Rutgers properties come within the scope of *N.J.S.A.* 54:4–2.2a necessitates a ruling with respect to Rutgers' claim for tax exemption for these properties for 1978 pursuant to *N.J.S.A.* 54:4–3.3. Rutgers did not directly seek such a ruling in its motion for summary judgment, but the ruling should logically precede a determination that invokes the payment in lieu of tax provisions of *L.* 1977, *c.* 272. The obvious legislative purpose in providing for payments in lieu of tax to municipalities was to compensate them in some fashion for their loss of tax revenues attributable to the location of state property within their boundaries. *See Rutgers v. Pilso, supra,* 60 *N.J.* at 148–149, 286 *A.2d* 697. There would be no need for such compensation if the state property were not exempt from local property taxation. There can be no requirement that the State make payments in lieu of taxes to Piscataway if Rutgers is still liable to Piscataway for the assessments involved in the litigation.

■ *N.J.S.A.* 54:4–3.3 provides in pertinent part that the property of the State of New Jersey used for public purposes shall be exempt from local property taxation. When the statutory exemption was first enacted the Legislature did not intend to treat Rutgers as the equivalent of the State of New Jersey. *P.L.* 1854, p. 296, § 5. Rutgers was not designated as the State University until 1945. *Rutgers v. Piluso, supra,* 60 *N.J.* at 155, 286 *A.2d* 697. However, as stated previously in this opinion, and as set forth more fully in judicial opinions and in *N.J.S.A.* 18A:65–1 *et seq.*, Rutgers has been considered the equivalent of the State for many purposes, at least as of 1978, the year at issue in this proceeding. Therefore, this court holds that the Rutgers' properties involved in this case are "property of the State of New Jersey" within the meaning of *N.J.S.A.* 54:4–3.3. Accordingly, Piscataway should have granted tax exemption to the Rutgers properties subject to this litigation pursuant to *N.J.S.A.* 54:4–3.3 in the year 1978.

Because the Rutgers properties should have been exempt in 1978, Piscataway should have sent to the Director of the Division of Taxation a statement of the 1978 "taxable value assessment" of the subject properties pursuant to *N.J.S.A.* 54:4–2.2a *et seq.* The Director then could have reviewed and possibly revised the assessment and computed any liability of the State to the taxing district in lieu of property taxes. Piscataway did not send the assessment to the Director in 1978 because the township did not consider the subject properties to be state property within the intent of *N.J.S.A.* 54:4–2.2a *et seq.* Since the Director of the Division of Taxation is not a party to this litigation and has not been heard on the issue of liability of the State to Piscataway Township for any payment in lieu of taxes for 1978, this opinion shall not be deemed to be a ruling with respect to the State's liability, if any, to Piscataway Township for a payment in lieu of taxes.

Judgment will be entered granting tax exemption to the subject properties for 1978 pursuant to *N.J.S.A.* 54:4–3.3. The judgment shall also direct the assessor of Piscataway Township to comply with *N.J.S.A.* 54:4–2.2a *et seq.* by sending a statement

of the 1978 taxable value assessments of the Rutgers properties to the Director of the Division of Taxation.