THE STATE, MOSES M. WOODRUFF, PROSECUTOR, v. THE
CITY COUNCIL OF ELIZABETH.

Where a city charter authorizes street improvements to be made, or work
done, only on the application in writing to the council, of a majority
of the resident owners of property lying along such street, it should
appear in the return to the *certiorari* bringing up for review the pro-
ceedings of the city council, that the application is signed by a ma-
jority of the resident owners; the burthen of proof is on the defend-
ants, and such fact, being a jurisdictional one, must appear on the face
of their proceedings.

On *certiorari.* In the matter of laying out a public street
in the city of Elizabeth.

For the prosecutor, *B. Williamson.*

For the defendant, ———— ———.

The opinion of the court was delivered by

BROWN, J. This *certiorari* brings up for review the pro-
ceedings of the city council of Elizabeth in the laying out of
a street extending Grand street. The first reason assigned
for setting aside the proceedings is, that there was no peti-
tion for the road such as the charter required, to which the
defendant in *certiorari* replies, that no petition was required
by the charter.

It is enacted, by the second section of a supplement to the
charter, passed March 15th, 1859, that the city council may
lay out and open any street, road, highway, alley, or park,
in any part of the city, and cause to be vacated any already
laid out or to be hereafter laid out, and cause to be graded,
gravelled, paved, or macadamized, and cause to be constructed
sewers or drains, &c. In case lands are taken, compensation
is to be made to the owners, and in case of improvements,
the expenses are to be paid by the owners. To this section
there is a proviso, that all or any of the aforesaid improve-
ments shall be made or work done, only on the application in

writing, to said council, of a majority of the resident owners of property lying along any street or streets, or sections thereof, on which such improvement is to be made or work done. It is argued, that the word improvement does not include a street *to be* opened; that the proviso refers only to improvements *on* a street already made. There is much plausibility, and perhaps good sense, in this verbal criticism of the statute, but it is not always by verbal criticism, that the true meaning of a statute and the true intent of the legislature can be reached. The question is, whether the legislature intended that streets could *only* be sewered, graded, and gravelled or paved, on the application of a majority of the resident owners, but could be laid out anywhere in the city, (excepting through burial grounds, excluded in another proviso,) or vacated anywhere, against the protest of all the owners on each side of it. Such a construction should be not merely probable but necessary. One of the highest municipal powers is the taking lands for highways against the consent of the owners. The legislature should not be taken to intend it, when lesser power can only be exercised with their consent, or the consent of a majority of them, unless the act admits of no other reasonable construction. Upon the first reading of this proviso, "that all or any of the aforesaid improvements shall be made only," &c., the impression made upon the reader is certainly, that the whole of the powers given over streets are referred to; and when the attention is directed to the alternative words, "or work done," the impression grows stronger. The doubt is raised only when it is suggested, that no improvement can be made on a street, or work done on a street, until it has become a street; and yet, notwithstanding the difficulty of interpretation arising from these words, the first impression of the intent of the law will remain unshaken. The proviso says " *all* " and every reason for the rule, applicable to one kind of improvement or work applies to all. I have no difficulty in reading this proviso as applicable not only to work to be done to streets actually laid out, but to those which are proposed

to be laid out; and am strengthened in so doing by the next proviso, in the same section, which is, " that before the council shall determine that such improvement is to be made, or work done, they shall give notice, &c., briefly describing such work, road, alley, park, or improvement." *Such* improvement, in this, refers to the previous proviso, and means the same thing in both. In the latter, by the description to be given in the notice, it appears that it may be a work, a road, an alley, a park, or an improvement. It is not here improvement to a road, or on a road, but road or improvement, of which notice is to be given.

The defect in the petition relied upon is, that but one of the owners of the land in the route of the road has signed it, when the proviso requires that a majority of such owners should apply. To this it is answered, that the act requires only a majority of the resident owners, and that it does not appear that there is more than one resident owner.

The reply assumes that the burthen of proof is upon the prosecutor. This is a mistake. Inferior jurisdictions have upon them the burthen .of showing their acts to be within the authority granted to them. What are called jurisdictional facts must appear on the face of their proceedings or otherwise. It does not appear that there is but one resident land owner in the route of this road. The contrary appears from the report of the special committee, to whom was referred the matter of opening the street. They report that they are unable to agree with all the owners of property lying along said improvement: one of the owners, Mr. Green, being a non-resident, and another, Doct. Woodruff, being absent from the city. Doct. Woodruff, it seems from this, is a resident, and he did not sign the petition. The petition is signed by nineteen persons, and the street committee report, that a majority of the resident owners lying along the proposed improvement have petitioned. This cannot be true if Doct. Woodruff is a resident owner, and Mr. Green the only non-resident owner, as seems to be the fact from the report of the special committee. This in-

consistency should be explained by the council, otherwise the facts stated in the proceedings must be taken most strongly against their jurisdiction. The explanation is found in the brief of their counsel. Eighteen of the petitioners own property along Grand street, but not upon the proposed extension of it. It is contended that these eighteen are owners along the line of the improvement; but this is not so. Grand street now terminates at Chilton street, and the new street begins there. The improvement extends Grand street, but Grand street is not a part of the improvement.

The prosecutor is right in his position, that the petition is not so signed as to give the council jurisdiction, and for this reason the proceedings should be set aside. It is not therefore necessary to examine the other reasons assigned.

· Proceedings set aside.