EDWARD SCHWARTZ, PROSECUTOR, v. THE ESSEX COUNTY BOARD OF TAXATION. THE CITY OF NEWARK, ANNA MYERS PURE FOODS, INC., FLINT & FULTON, INC., TENNERT ORCHARDS, INC., FELDMAN BROS. CO., WEYERHAEUSER TIMBER CO., ATLANTIC TERMINALS, INC., AND MERCHANTS REFRIGERATING CO., INC., RESPONDENTS.

Submitted May 5, 1942—Decided September 30, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Edward Schwartz, pro se.*

For the respondents Flint & Fulton, Inc., Feldman Bros. Co., Anna Myers Pure Foods, Inc., *Hobart, Minard & Cooper* (*Duane E. Minard* and *G. Addison Hobart,* of counsel).

For the respondent Merchants Refrigerating Co., *Mark A. Sullivan.*

For the respondents Atlantic Terminals, Inc., and Weyerhaeuser Timber Company, *McCarter, English & Egner* (*Conover English,* of counsel).

For Lehigh Warehouse & Transportation Co. and Lacka-wanna Warehouse, Inc., *amici curiæ, John H. Yauch, Jr.* (*Maximilian M. Stallman,* of counsel).

The opinion of the court was delivered by

COLIE, J. Edward Schwartz, a taxpayer in the City of Newark, instituted proceedings before the Essex County Board of Taxation pursuant to *R. S.* 54:3-20, the applicable part of which reads as follows: "On the written complaint of the collector, or any taxpayer of the taxing district or of the governing body thereof, that property specified has been omitted in the assessment, the county board, on five days' notice in writing to. the owner by the party complaining, and after due examination and hearing, may enter the omitted property on the duplicate by judgment rendered within ten days after the hearing, a transcript whereof shall be furnished by the board to the collector, who shall amend his dupli-cate accordingly." The complaint and petition filed by the prosecutor set forth that Anna Myers Pure Foods, Inc., Flint & Fulton, Inc., Tennert Orchards, Inc., and Feldman Bros. Co. each had personal property of a substantial value during the year preceding October 1st, 1940, in the warehouse of Merchants Refrigerating Company located in the City of Newark and that the property owned by the above named corporations was wholly omitted from the tax list and dupli-cate filed by the City of Newark for the year 1941. The petition then prays that the omitted property be added to the list of taxable property. The County Board of Taxation dismissed the petition on the ground that the merchandise so stored with the Merchants Refrigerating Company was exempt from taxation by virtue of *R. S.* 54:4-3.20 reading: "All personal property stored in a warehouse of any person, copartnership or corporation engaged in the business of stor-ing goods for hire shall be exempt from taxation under this chapter." A writ of *certiorari* was allowed to review the aforementioned action of the County Board of Taxation. By order of the court, Anna Myers Pure Foods, Inc., Flint & Fulton, Inc., Tennert Orchards, Inc., and Feldman Bros. Co.

were made respondents to the writ of *certiorari* and thereafter the court permitted Atlantic Terminals, Inc., Weyerhaeuser Timber Co. and Merchants Refrigerating Company to intervene as respondents. Later, Lehigh Warehouse & Transportation Co. and Lackawanna Warehouse Co., Inc., were permitted to file briefs as *amici curiæ*.

The basic question for determination is whether the provisions of *R. S.* 54:4-3.20 violate article 4, section 7, paragraphs 11 and 12 of the State Constitution and the Fourteenth Amendment of the Federal Constitution.

Before discussing the basic question, three preliminary questions require decision.

Respondents challenge the prosecutor's standing to institute these proceedings under the general rule that one applying for a writ of *certiorari* must show that he will suffer a substantial injury beyond that which will affect him in common with the rest of the public. Our courts, from an early date, have lent the aid of the appropriate prerogative writ to private persons seeking to remedy wrongful acts of public officials when the applicant is one of the class of persons to be most directly affected in their enjoyment of public rights and the public convenience will be subserved thereby. *Cf. Ferry* v. *Williams*, 41 *N. J. L.* 332, 337. If a doubt exists as to the standing of the prosecutor under the holding in *Ferry* v. *Williams, supra*, it has been set at rest by the legislative bestowal of the right to institute such proceedings on "any taxpayer of the taxing district."

Respondents next assert that inasmuch as the prosecutor's assessment for the year 1940 was on a total valuation of $600, resulting in a tax to him of $29.10, that, applying the maxim *de minimis non curat lex*, the court should not burden itself with this problem. It is true that the pecuniary interest of the prosecutor is small. However, the constitutionality of a legislative act is called in question by the assertion that the legislature has exceeded its jurisdiction. An attack upon the constitutionality of a legislative act is never unimportant, and the standing of one otherwise qualified to question the legislation is not to be determined by the mere matter of dollars and cents involved. *Cf. Cooley on Constitutional Limitations* (*4th ed.*) 646-647, *ch.* 14.

Lastly, the argument is advanced that the prosecutor is precluded from prosecuting the writ of *certiorari* granted to him under the well-established rule that a writ of *certiorari* may not be allowed or prosecuted until the applicant therefor has exhausted any and all other remedies that he may have. This argument is based on prosecutor's failure to appeal to the State Board of Tax Appeals from the dismissal of his petition by the county board. It is indisputable that the determination of the constitutionality of an act of the legislature rests with a judicial body; not with a *quasi*-judicial body such as the State Board of Tax Appeals. The final responsibility to pass upon the constitutionality of a given piece of legislation rests in the courts and it is the duty of the various state agencies and administrative bodies to accept a legislative act as constitutional until such time as it has been declared to be unconstitutional by a qualified judicial body. The State Board of Tax Appeals has recognized that it has no power to pass upon constitutional questions. *Newark* v. *Mutual Benefit Life, N. J. Tax Reports,* 1934-1939, *pp.* 440, 442. We do not mean to approve the practice of by-passing the State Board of Tax Appeals, excepting where, as here, the single question presented involves a determination of the constitutionality of a legislative act. We find that the prosecutor has a legal status which permits him to prosecute this writ of *certiorari*. This leads to a consideration of whether or not *R. S.* 54:4-3.20 violates the State Constitution or the Fourteenth Amendment of the Federal Constitution.

We will deal first with the asserted violation of the Fourteenth Amendment of the Federal Constitution. A state's power to tax necessarily connotes freedom in selecting the subjects of taxation and the subjects of exemption from taxation. Neither due process nor equal protection imposes upon a state legislature any rigid rule of equality of taxation, nor does the singling out of a particular class for taxation or exemption infringe upon the limitations of the Federal Constitution. State legislatures, in matters of taxation or exemption therefrom, may make distinctions of degree having a

rational basis and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it. *Carmichael* v. *Southern Coal and Coke Co.*, 301 *U. S.* 494; 81 *L. Ed.* 1245.

Among the cases demonstrative of the broad latitude given to state legislatures in this respect are *Bell's Gap Railroad Co.* v. *Pennsylvania*, 134 *U. S.* 232; 33 *L. Ed.* 892; *Singer Sewing Machine Co.* v. *Brickell*, 233 *U. S.* 304; 58 *L. Ed.* 974. A state, by adjusting its taxing system so as to favor certain industries or businesses does not thereby deny equal protection of the laws. *Quong Wing* v. *Kirdendall*, 223 *U. S.* 59; 56 *L. Ed.* 350.

The prosecutor's argument to support his assertion that the statute exempting personal property stored in a warehouse from taxation is in violation of article 4, section 7, paragraphs 11 and 12 of the State Constitution is based upon an erroneous premise. It assumes that a classification of property for exemption from taxation must be based either upon the characteristics of the personal property or the use to which it is put. In support of this argument, the prosecutor cites the case of *Central Railroad Co.* v. *State Board of Assessors*, 75 *N. J. L.* 771. Our reading of this case convinces us that it stands for the principle that railroad property, by reason of its use, is a proper subject for classification for taxation purposes. It does not stand for the broad proposition that the use to which property is put, is the sole test of the propriety of classification for tax purposes. Prosecutor also relies upon *Tippett* v. *McGrath*, 70 *Id.* 110; *affirmed*, 71 *Id.* 338. That case stands for the proposition that the legislature may not classify the *owners* of property according to some characteristic possessed by them or status acquired by them or connected with their conduct, past, present or future.

There no longer exists any doubt but that the legislature is competent to classify objects of legislation, and this includes classifications for the purpose of taxation and exemption from taxation. For this purpose, the discretion of the legislature

is broad but such classification must rest upon substantial distinction, must have a logical and reasonable basis, must include all property and omit none falling within the named classification. If the particular piece of legislation does not meet these requirements, then it offends against article 4, section 7, paragraph 12 of the State Constitution. *Raymond* v. *Township of Teaneck,* 118 *N. J. L.* 109; *State* v. *Guida,* 119 *Id.* 464, and cases therein cited.

We are of the opinion that the statute under attack meets these tests. The exemption statute applies to all personal property stored in a warehouse and it includes all property within the state so situated, omitting none. The depositions taken by rule of the court indicate clearly that persons and corporations engaged in the business of storing goods for hire in warehouses were unable to compete profitably with competitors in the neighboring states of Pennsylvania and New York by reason of the fact that those states do not tax personal property; that as a result, goods which might otherwise have been stored in warehouses located in New Jersey, were diverted by the owners thereof to warehouses located in states where the property stored would not be subjected to taxation. In order to place New Jersey warehouses on an equal footing with other competitors in the two states named, the legislature saw fit to grant exemption from taxation on personal property so stored. In *Burlington Distilling Co.* v. *State Board of Assessors,* 86 *N. J. L.* 92; *affirmed,* 87 *Id.* 315, the court said: "A legislative policy exhibiting such a liberal scheme of industrial encouragement should not receive a construction so narrow and illiberal as to subvert the very policy which quite obviously such legislation was intended to erect and subserve." A legislative policy of encouraging industry or business by granting exemption from taxation is both logical and reasonable.

The writ of *certiorari* will be dismissed, with costs.