[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 623 
Plaintiff, a taxpayer of The Borough of Oaklyn, N.J., challenges the validity of a resolution adopted by the governing body of the borough on August 4th, 1948. The resolution provided:
"Whereas, the Collector of Taxes advises that in the Tax Duplicate for the year 1948 an error in assessment was made on premises designated on the Official Tax Map of The Borough of Oaklyn as follows: (Then follow descriptions of 21 properties by plate, block and lot number, the respective owners' names and addresses together with reductions in the assessments ranging from $50.00 to $500.00 upon the various properties.)
"Whereas, said above assessments were an error:
"NOW, THEREFORE, BE IT RESOLVED by the Mayor and Borough Council of the Borough of Oaklyn, in the County of Camden, State of New Jersey, that:
"1. The Tax Collector, Treasurer and Borough Auditor be and they are hereby authorized and instructed to reduce the assessments on the above premises in the above amounts on the Tax Duplicate for the year 1948 as having been made in error and to credit the amount of taxes on said reduction of the 1948 taxes levied upon said property at the present rate of $6.92 per hundred."
Defendants argue at the outset that a judgment of dismissal should be entered for the reason that plaintiff "has failed to show the infringement of any private right and has failed to show any personal or property interest specially and immediately affected adversely by the resolution." It appears, however, *Page 624 
that our courts from an early date have lent their aid to private persons seeking to remedy wrongful acts of public officials, when the applicant is one of the class of persons to be most directly affected in their infringement of public rights. Cf. Ferry v.Williams, 41 N.J.L. 332, 337.
A reduction in the assessed valuation of the tax ratables in the municipality would necessarily be reflected on the tax burden of the remaining ratables of the municipality, including that of the plaintiff. The defendants assert that the reduction called for in the resolution is only approximately one-tenth of one per cent. of the total taxes for the year, and that this amount will be more than offset by unanticipated revenue within the control of the defendants; that the aforesaid resolution will make no change whatever in the tax rate of the borough. If the assessments were not reduced, however, it is obvious that there will be additional revenue to the borough. Though the pecuniary interest of the plaintiff is small, the standing of one otherwise qualified to question the resolution is not to be determined by the mere matter of dollars and cents involved. Cf. Schwartz v.Essex County Board of Taxation, 129 N.J.L. 129. Plaintiff has a legal status which would have permitted him to prosecute a writ of certiorari. Schwartz v. Essex County Board of Taxation,supra. Under the rules governing our courts, effective September 15th, 1948, the prerogative writ of certiorari is superseded and in lieu thereof reviewing, hearing and relief may be had as of right in the Superior Court. Rule 3:81-1. Certainly the plaintiff, as a taxpayer, is one of the class of persons to be most directly affected in their enjoyment of public rights. I find that plaintiff has a legal status which permits him to challenge the validity of the aforesaid resolution in this court.
It is conceded that a municipal corporation is a creature of the legislature, and can act, therefore, only under the authority of and in the manner accorded by statutes. Defendants contend, however, that plaintiff has the burden of proof "to show that the resolution in question is illegal and void"; that "there is no burden on the defendants to show that the resolution is legal"; and, "if there is any statutory authority *Page 625 
whatever under which the resolution can be sustained, it is submitted by defendants that it must be sustained." Defendants cite R.S. 54:4-54, R.S. 54:4-99, and R.S. 54:4-100 as statutory authority to sustain the resolution.
R.S. 54:4-54, provides:
"Where by mistake property real or personal has been twice entered and assessed on the tax duplicate, the governing body of the taxing district or county board of taxation may order and cause the tax record to be corrected and if the tax has been twice paid the governing body of the taxing district shall refund the excessive payment without interest. Where by mistake an assessment intended for one parcel has been placed upon another, the governing body may cancel the erroneous assessment, return without interest any money paid by one not the owner of the parcel intended to be assessed, and enter upon the record the assessment and tax against the proper parcel, after a hearing upon five days' notice to the owner. Where one person has by mistake paid the tax on the property of another supposing it to be his own, the governing body after a hearing, on five days' notice to the owner, may return the money paid in error without interest and restore the record of the assessment and tax against the property in the name of the true owner, provided the lien of the tax has not expired and no transfer or encumbrance has been put on record against the property since the date of the payment in error. No assessment of real or personal property shall be considered invalid because listed or assessed in the name of one not the owner thereof, or because erroneously classed as the land of an unknown or nonresident owner."
Defendants argue that the burden of proof is upon plaintiff to establish that the reduced assessed valuations mentioned in the resolution were not duplicate assessments, and as plaintiff did not produce such evidence, the resolution is presumed to be valid. I cannot agree with this contention. The governing body must show all facts necessary to the exercise of its authority granted it by the legislature. If the jurisdictional facts do not appear upon the face of the resolution, the municipality should, at least, assume the burden of going forward with the proof of the jurisdictional facts. In State v. Council of Elizabeth,30 N.J.L. 176 at 178 (Sup. Ct. 1862), Justice Brown, in discussing proceedings of a city council in laying out a street, said:
"Inferior jurisdictions have upon them the burthen of showing their acts to be within the authority granted to them. What are called *Page 626 
jurisdictional facts must appear on the face of their proceedings or otherwise."
In the present case the only language in the resolution purporting to give the governing body authority to act on the resolution is this: "The Collector of Taxes advises an error in assessment was made" on certain premises; and, following the descriptions of certain properties with reductions of assessments, "said above assessments were an error." Nothing appears in the resolution or otherwise (State v. Elizabeth,supra) to show that the properties have been twice entered and assessed by mistake on the Tax Duplicate, which would bring the action of the governing body within the authority granted it byR.S. 54:4-54. The "error" in the assessments, for all that appears, may have been such which could be corrected only by the county tax board. R.S. 54:4-46 et seq.
 R.S. 54:4-99 and R.S. 54:4-100, are not applicable to the present case. The term "assessments" as read in the context therein clearly means municipal charges and not the value of land subject to taxation. The terms "assessment" and "assessments" as used in the resolution under discussion mean the listing and valuing of property subject to taxation.
I know of no law which authorizes a borough council to substitute itself for those who in law are charged with the duty of assessing the value of property for taxes. See ConsolidatedCigar Corporation v. Brunner, 42 Atl. Rep.2d 631.
The resolution is set aside and the defendants are ordered to restore the original assessments altered by said resolution. *Page 627