LASSER, P.J.T.C.
In this action, plaintiff, Town of Morristown (“Morristown”) seeks to set aside the historic site tax exemption granted by the assessor under N.J.S.A. 54:4-3.52 to the Womans Club of Morristown (“Womans Club”), for the year 1987 on property located at 51 South Street, Morristown, County of Morris, known as Block 6101, Lot 6.
The Attorney General appeared by his deputy for the purpose of defending the constitutionality of the statute, pursuant to R. 4:28-4(d).
The parties have submitted the exemption issue for determination on stipulated facts pursuant to R. 8:8-l(b). Womans Club is a nonprofit organization incorporated under the laws of New Jersey. The club was founded in 1931, and its certificate of incorporation states its purpose to be “the mutual concern and united action of members for the promotion of higher social and moral conditions and for the study of civic and social and cultural subjects.”
The Internal Revenue Service has determined the Womans Club to be tax exempt under section 501(c)(3) of the Internal Revenue Code. In a July 1939 letter, the Internal Revenue Service informed the Womans Club of its exemption for federal income tax purposes. That letter stated: “It appears that the sponsoring of civic activities are the predominant purposes of your organization. Your income is received from membership dues and fees, rentals, donations and receipts from your various activities and is expended for your general maintenance and operating expenses and for the promotion of your civic activi *313 ties. None of your income is credited to surplus or inures to the benefit of any private individual.”
Womans Club is involved in various charitable nonprofit activities, such as providing social services for hospitalized patients and persons in nursing homes, raising scholarship funds and conducting holiday drives to collect food and toys for needy families. The Womans Club building, the subject property in this litigation, is used for some of its charitable activities.
In 1971, the Commissioner of the Department of Environmental Protection certified the subject property, also known as the Dr. Condit House, as an historic site pursuant to N.J.S.A. 54:4-3.52. Local property tax exemption was first granted to the subject property for the year 1972. At that time, a portion of the first floor of the property was leased to an employment agency, and the rooms on the second and third floors were leased to resident members of the Womans Club. In 1973,1976 and 1983, the Woman’s Club filed exemption applications with the tax assessor, and it appears that from and after 1972 through 1987 the property continued to be listed as exempt from local property taxation.
The subject property was listed on the 1987 tax rolls as “exempt,” pursuant to N.J.S.A. 54:4-3.52, as an historic site owned by a nonprofit corporation. The taxable value of the subject property if not exempt was listed by the assessor, pursuant to N.J.S.A. 54:4-27, at:
Land $ 844,000
Improvements 540,900 Total $1,384,900
Morristown filed a petition of appeal with the Morris County Board of Taxation contesting the exemption, which exemption the board affirmed. Morristown thereafter duly filed a complaint with the Tax Court.
 Womans Club states in its answer that the Tax Court of New Jersey lacks subject matter jurisdiction and that the tax assessor has no authority to assess the property because the determination of tax exempt status is made by the Commission *314 er of the Department of Environmental Protection. The Commissioner’s participation, however, is solely to certify the property as an historic site. N.J.S.A. 54:4-3.53. That designation does not grant tax exemption. Tax exemption may be granted only by the assessor. N.J.S.A. 54:4-4.4. The action of the assessor may be reviewed by appeal to the county board of taxation and then to the Tax Court, by the taxpayer, another taxpayer or by the taxing district. N.J.S.A. 54:3-21 and 54:51A-1. The. taxing district challenged the action of the assessor before the Morris County Board of Taxation and has the right to seek review of the Board’s action in the Tax Court. The role of the Commissioner of the Department of Environmental Protection and the assessor in the exemption process, and the role of the taxing district and the Tax Court with respect to review of the exemption is the same issue as in West Milford v. Garfield Recreation Comm., 194 N.J.Super. 148, 156-57, 476 A.2d 333 (Law Div.1983), which held that the Tax Court has jurisdiction in this type of case. I find that the Tax Court has jurisdiction in the subject case.
Further, Womans Club’s contention that the fact that the taxing district did not contest the 1972 determination of the Morris County Board of Taxation that the property was tax exempt is res judicata in this case is misplaced. For purposes of review of tax assessments, each year is a separate year, and the principle of res judicata does not make the judgment of the Morris County Board of Taxation for the year 1972 binding on the taxing district for the year 1987. See In re Appeal of the City of East Orange, 103 N.J.Super. 109, 113, 246 A.2d 722 (App.Div.1968); Borough of Hasbrouck Heights v. Div. of Tax Appeals, 54 N.J.Super. 242, 248, 148 A.2d 643 (App.Div.1959); Lamm Associates v. Borough of West Caldwell, 1 N.J.Tax 373, 392-393 (Tax Ct.1980).
The Attorney General contends that Morristown, as a creature of the Legislature, has no standing to challenge the validity of the historic site exemption, citing City of Newark v. State of New Jersey, 262 U.S. 192, 43 S.Ct. 539, 67 L.Ed. 943 *315 (1923); Bergen County v. Port of New York Authority, 32 N.J. 303, 160 A.2d 811 (1960); Glassboro v. Byrne, 141 N.J.Super. 19, 23, 357 A.2d 65 (App.Div.), certif. den. 71 N.J. 518, 366 A.2d 674 (1976). This bar to municipal challenge of a state statute on constitutional grounds has been questioned where there is a danger of loss of public funds. Kenney v. Township of East Brunswick, 172 N.J.Super. 45, 50, 410 A.2d 713 (App.Div.1980). Morristown contends that:
1. The statute is unconstitutional because it is based on the status of the owner, not the use of the property; or, in the alternative,
2. The statute should be interpreted as requiring the use of the property to be historical, i.e., as a museum or historical house open to the public, with receipts, if any, devoted to the preservation of the property.
There is no question that Morristown can challenge the grant of tax exemption, and in so doing, can contend that the subject property does not qualify for exemption under statutory and constitutional exemption requirements. Although it may be argued that Morristown, as a creature of the Legislature, cannot attack the constitutionality of the statute, it is not necessary for me to make a determination on this issue because the case can be disposed of by a ruling on Womans Club’s qualification for exemption under the statute.[1] Morristown has standing to contest the grant of tax exemption under the statute, including statutory construction of the exemption statute in light of constitutional requirements.
I.
The subject property consists of a three-story and basement building which was occupied on October 1,1986 as follows: The basement of the older portion of the building is unfinished except for a small office area utilized by Frank H. Taylor and *316 Son, Inc., a real estate broker (a tenant which also occupies approximately one-half of the first floor area), and the area below the first-floor auditorium stage, which is occupied by Worth-Tyrrell Studios in connection with its lease of the auditorium on the first floor for the operation of its dance and performing arts studio. The auditorium is also utilized by Womans Club for certain of its functions.
The remainder of the basement is utilized as a storage area for the Womans Club. The remainder of the first floor area is utilized by the Womans Club as an office, a library, a sitting area and a kitchen. The second and third floors are leased by the Womans Club to tenants who utilize the premises for private business purposes, that is, physicians’, attorneys’ and business offices.
There is no evidence of the square foot area of the building or of the percentage that is leased to commercial tenants, although it appears that most of the building is rented to commercial tenants. The Womans Club receives approximately $60,000 a year in rent from its commercial tenants. The stipulation states: “The total expenses to operate the Womans Club for 1987-1988 are projected to be about $41,600.[2] A similar amount was spent for operating costs for the year ending April 1, 1987.”
II.
Does Womans Club qualify for tax exemption under the historic site exemption statute? This is a statutory interpretation issue which must be addressed in terms of the constitutional requirements for the grant of real property tax exemption. Statutory exemptions represent a departure from the general constitutional requirement of uniformity[3] of assessment and *317 taxation, and therefore each exemption statute must be read in the context of these requirements. The exception to the uniformity requirement is an exemption granted by general laws.[4] In order to determine whether an exemption is granted by general laws, we must look to the use of the property. See Egg Harbor City v. Atlantic Cty., 10 N.J.Tax 7, 17 (Tax Ct.1988). Substantially all statutes granting real property tax exemption, where there is no specific constitutional authority for the exemption, that have withstood court challenge have required that the use of the property serve the public. In N.J. Turnpike Authority v. Washington, 16 N.J. 38, 106 A.2d 4 (1954), the authority sought exemption from taxation for parcels of land owned by it and located outside the turnpike’s 300-foot right-of-way and held by the turnpike authority for disposition as surplus property. Chief Justice Vanderbilt construed the words “property acquired or used by the Authority” to mean acquired and used, by denying exemption to turnpike-owned property which was not being used for turnpike purposes, stating that “tax exemption statutes, if based on the personal status of the owner rather than on the use to which the property is put, run afoul of the tax article of the Constitution.” Id. at 44, 106 A.2d 4 emphasis supplied.
Similarly, in Township of Princeton v. Bardin, 147 N.J.Super. 557, 371 A.2d 776 (App.Div.), certif. den. 74 N.J. 281, 377 A.2d 685 (1977), a tax exemption granted to Green Acre property held by nonprofit organizations was upheld because the *318 property was “actually and exclusively used for conservation or recreation purposes” in accordance with the requirements of N.J.S.A. 54:4-3.64.
N.J.S.A. 54:4-3.52, enacted in 1962 and amended in 1964, exempts certified historic sites owned by nonprofit corporations from property taxation. N.J.S.A. 54:4-3.52 states:
Any building and its pertinent contents and the land whereon it is erected and which may be necessary for the fair enjoyment thereof owned by a nonprofit corporation and which has been certified to be an historic site to the Director of the Division of Taxation by the Commissioner of Conservation and Economic Development as hereinafter provided shall be exempt from taxation.
The historical background of the property tax exemption provision in the New Jersey Constitution and the intention of the drafters is discussed in New Jersey State League of Municipalities v. Kimmelman, 105 N.J. 422, 522 A.2d 430 (1987). The 1947 Constitutional Convention proceedings reveal that the drafters were concerned because railroad property was separately assessed and taxed differently than other real property in each municipality. This concern was resolved by requiring that all real property be assessed and taxed according to the same standard of value and at the same tax rate. The drafters were also concerned that the Legislature not be permitted to accomplish indirectly what it was not permitted to do directly, and for that reason they provided that exemption from taxation may be granted only by general laws. The Supreme Court, in Kimmelman, stated:
Given ... the apparent purpose of providing that real property dedicated to municipal tax purposes should never be taxed at an unequal burden, we cannot conclude that the delegates intended that the Legislature could achieve, by the exemption clause, what could not be done under the constitutional restraints imposed upon it. [Id. at 436, 522 A.2d 430]
Attempts by the Legislature to adversely affect the uniformity of assessment and taxation of real property by exemption or classification of property have generally been nullified. For example, classification of farmland property for preferential property tax treatment by the Legislature was held to be unconstitutional because all property must be assessed at the “same standard of value” and taxed at the “general tax rate.” Preferential treatment for farmland thus required a constitu *319 tional amendment. Switz v. Kingsley, 37 N.J. 566, 182 A.2d 841 (1962); N.J. Const. (1947), Art. VIII, § I, par. 1b. See also special constitutional provisions for preferential property tax treatment for blighted areas and senior citizens. Art. VIII, § III, par. 1.
III.
Morristown maintains that qualification for the subject exemption must be based on the use of the building. The Attorney General contends that the historic site exemption is primarily based on the characteristics of the exempt property, not its persona] status, and therefore meets constitutional requirements.
Womans Club argues that the purpose of the historic site exemption statute is to preserve sites that are significant to the history of the State when owned by nonprofit organizations, so that the receipts from rentals, admission fees or endowment income will be utilized for the preservation of the historic site and any surplus will be used for other nonprofit purposes.
In the subject case, the owner is a nonprofit corporation and the characteristic of the property is historic, but the predominant use of the property is for commercial purposes.
There is no requirement that they serve a public purpose. N.J.S.A. 15A:2-la. A private country club can be a nonprofit corporation. If a nonprofit private country club conducted its social affairs in its historic building certified to be an historic site, would the property be exempt from real property taxation? The Legislature could not have intended exemption under those circumstances. Therefore, with respect to the historic site exemption, the characteristic of the property and the personal status of its owner cannot be the sole criteria. The use of the property must govern so that the exemption will conform to the “general laws” requirement.
In this case, preservation of the property is not a use; it is a by-product of the use of the property. Private use or public use can preserve an historic site, but the fact that the site is *320 preserved in the course of the use of the property is not in itself a use.
Properties owned by nonprofit organizations can be exempt or taxable, depending on their use. Likewise, properties having the characteristics of historic sites can be exempt or taxable, depending on their use. Properties owned by nonprofit corporations but used for commercial purposes are clearly taxable. Christian Research Institute v. Dover Town, 5 N.J.Tax 376 (Tax Ct.1983). The Legislature could not constitutionally exempt commercial properties from local property taxation solely because they are owned by nonprofit corporations. When historic sites are used for commercial purposes, the fact that they are historic and are owned by nonprofit organizations is not sufficient to entitle them to exemption. An example which supports this reasoning is the case involving the Paper Mill Playhouse.
In Paper Mill Playhouse v. Millburn Tp., 95 N.J. 503, 472 A.2d 517 (1984), property used as a theater was owned by a nonprofit organization. Millburn Township alleged that the property was used for commercial purposes, and therefore, was not exempt from local property taxation. The Supreme Court held that the nonprofit organization’s operation of the property was substantially different from “commercial enterprise,” that the use of the property was cultural, not commercial, and therefore this use entitled the property to exemption.
There is a strong presumption that favors the validity of an act of the Legislature. N.J. Sports Exposition Authority v. McCrane, 61 N.J. 1, 8, 292 A.2d 545, app. dism. 409 U.S. 943, 93 S.Ct. 270, 34 L.Ed.2d 215 (1972). The Judiciary is obliged to interpret legislation so that it will be constitutional. N.J. Bd. of Higher Ed. v. Shelton College, 90 N.J. 470, 478, 448 A.2d 988 (1982); State v. Profaci, 56 N.J. 346, 350, 266 A.2d 579 (1970); V.B.R. Assocs. v. Bernards Tp., 6 N.J.Tax 241, 245-46 (Tax Ct.1984). The Legislature’s intention to grant tax exemption to historic sites is clearly in the public interest. I perceive therefore that it was the intent of the Legislature to grant tax *321 exemption to a certified historic site owned by a nonprofit corporation when the use of the property is in furtherance of the preservation of the historic site by making the site available for public purposes, not for commercial purposes. Leasing space for commercial purposes, as in the subject property, is a use beyond that which is reasonable for the preservation of the property and the making available of the property for public purposes.
In making this determination that it was the intent of the Legislature that, in order to be entitled to exemption, an historic site owned by a nonprofit corporation must have a public purpose use, I find that the statute does not violate constitutional requirements. I conclude that because the use is for commercial purposes the subject property does not qualify for exemption under N.J.S.A. 54:4-3.52.

This is an action brought by Morristown on behalf of its citizens, contending that the grant of exemption to Womans Club results in an unequal burden on the remaining taxpayers in the taxing district. The Attorney General’s “standing" argument would have fallen if Morristown had included one individual taxpayer as a party plaintiff. Morristown’s failure to do so appears to be a slim reed upon which to deny it the right to question the constitutionality of the statute.

It appears that the expenses for the operation of the building are included in this figure.

The Legislature is granted power to tax property "by general laws and ... uniform rules” by N.J. Const. (1947), Art. VIII, § I, par. 1.

Art. VIII, § I, par. 2 provides:
2. Exemption from taxation may be granted only by general laws. Until otherwise provided by law all exemptions from taxation validly granted and now in existence shall be continued. Exemptions from taxation may be altered or repealed, except those exempting real and personal property used exclusively for religious, educational, charitable or cemetery purposes, as defined by law, and owned by any corporation or association organized and conducted exclusively for one or more of such purposes and not operating for profit.
N.J.S.A. 54:4-3.6 exempts property used exclusively for charitable, educational, religious, hospital, historical societies and other public purposes. Womans Club takes the position that the subject property is not governed by § 3.6.