242 N.J. Super. 654 (1990)
577 A.2d 1309
TOWN OF MORRISTOWN, PLAINTIFF-RESPONDENT,
v.
WOMAN'S CLUB OF MORRISTOWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1990.
Decided July 18, 1990.
*656 Before Judges O'BRIEN, HAVEY and STERN.
Clifford W. Starrett argued the cause for appellant (Schenck, Price, Smith & King, attorneys, Clifford W. Starrett of counsel; Sheilah O'Halloran on the brief).
Harry Haushalter, Deputy Attorney General, argued the cause for intervenor, Attorney General of New Jersey (Robert J. Del Tufo, Attorney General, attorney; Mary C. Jacobson, Deputy Attorney General, of counsel; Harry Haushalter on the brief).
Thomas Olson argued the cause for respondent (McKirdy and Riskin, attorneys; Thomas Olson and Brian M. Hak on the brief).
The opinion of the court was delivered by STERN, J.A.D.
This appeal involves the construction and constitutionality of N.J.S.A. 54:4-3.52 which provides:
Any building and its pertinent contents and the land whereon it is erected and which may be necessary for the fair enjoyment thereof owned by a nonprofit corporation and which has been certified to be an historic site to the Director of the Division of Taxation by the Commissioner of Conservation and Economic Development as hereinafter provided shall be exempt from taxation.
*657 The Woman's Club of Morristown ("Woman's Club") appeals from a determination of the Tax Court, 10 N.J. Tax 309 (1989), holding that because the subject property is used "for commercial purposes," it did not "qualify for exemption" from local property taxation pursuant to N.J.S.A. 54:4-3.52. The Woman's Club claims that under the plain language of N.J.S.A. 54:4-3.52 the property is tax exempt irrespective of its use. The respondent Town of Morristown ("Morristown") asserts that the statutory exemption must be considered in light of the general constitutional requirement of uniformity of assessment and taxation, see N.J.S.A. Const. (1947), Art. VIII, § 1, ¶ 1(a), that any exemption must be granted by the general laws, N.J.S.A. Const. Art. VIII, § 1, ¶ 2, and that N.J.S.A. 54:4-3.52 is unconstitutional because it grants an exemption based upon the status of the property owner, not the use of the property. The Attorney General, as intervenor, pursuant to Rule 4:28-4(d), contends that, properly construed, the statute is constitutional. The Attorney General disagrees with the trial judge, however, to the extent his opinion would prohibit application of the exemption by virtue of any commercial use of the property, as opposed to its predominant use. In other words, the Attorney General agrees that the statute should be construed to save its constitutionality, but contends that the statute can be construed as constitutional if the property is used, to some degree, for a non-profit, non-commercial purpose.
There is no substantial challenge to the Tax Court's finding of standing in this case, and the facts are undisputed. See 10 N.J. Tax at 312-316. It is apparent that the Tax Court construed the statute as it did, in light of the maxim that "[t]he Judiciary is obliged to interpret legislation so that it will be constitutional." 10 N.J. Tax at 320; see also, e.g., N.J. Bd. of Higher Ed. v. Shelton College, 90 N.J. 470, 478, 448 A.2d 988 (1982). The Tax Court perceived that a different construction would run afoul of Art. VIII of the Constitution which provides, in relevant part, that:

*658 ARTICLE VIII
Taxation and Finance
Section 1
1. (a) Property shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed at the general tax rate of the taxing district in which the property is situated, for the use of such taxing district.
* * * * * * * *
2. Exemption from taxation may be granted only by general laws. Until otherwise provided by law all exemptions from taxation validly granted and now in existence shall be continued. Exemptions from taxation may be altered or repealed, except those exempting real and personal property used exclusively for religious, educational, charitable or cemetery purposes, as defined by law, and owned by any corporation or association organized and conducted exclusively for one or more of such proposes and not operating for profit.
The constitutional problem arises because of the perception that N.J.S.A. 54:4-3.52 provides an exemption based on the status of the property owner and that its constitutionality can be saved only by limiting the use of the exempt property so that the exemption turns upon the nature or use of the property.
The nature of the issue is best understood in light of the governing constitutional principles of taxation as explained by Chief Justice Vanderbilt in N.J. Turnpike Authority v. Washington Tp., 16 N.J. 38, 44-45, 106 A.2d 4 (1954):
... tax exemption statutes, if based on the personal status of the owner rather than on the use to which the property is put, run afoul of the tax article of the Constitution of 1947 which provides in part: "Property shall be assessed for taxation under general laws and by uniform rules," Const. Art. VIII, Sec. I, par. 1. The similar provision of the Constitution of 1844, Art. IV, Sec. VII, par. 12, that "Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value," has been soundly construed to prohibit such exemptions:
"The decisions construing this constitutional provision, in so far as they have sanctioned classifications as the basis for legislation, either for taxation or for exemption, have done so upon the express ground that such classifications were based upon features that inhered in the property itself, or in the purposes to which it or its usufruct was devoted. To substitute for property *659 in such classifications the persons who own property, and then to base the proposed exemption upon the status or vocation or avocation of such persons, is without any constitutional warrant. Exemptions from taxation, therefore, of property, real or personal, that are based not upon any characteristic possessed by such property, or upon the uses to which it is put, but upon the personal status of the owners of such property, are void." Tippett v. McGrath, 70 N.J.L. 110, 113 [56 A. 134] (Sup.Ct. 1903), affirmed 71 N.J.L. 338 [59 A. 1118] (E. & A. 1904). [emphasis in original].
In light of the constitutional requirements, the Court in N.J. Turnpike Authority also made clear "[w]e must decline to give a construction to the statute under consideration that would render it unconstitutional." Id. 16 N.J. at 45, 106 A.2d 4. It is clear that the Tax Court endeavored to be faithful to this command.
However, in construing a statute we must ordinarily first consider its plain language and give the statute its ordinary meaning in the absence of any specific indication of legislative intent to the contrary. See Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 128, 527 A.2d 1368 (1987); Mortimer v. Board of Review, 99 N.J. 393, 398, 493 A.2d 1 (1985). We cannot speculate on legislative intent "[w]here the wording of the statute is clear." See Duke Power Co. v. Patten, 20 N.J. 42, 49, 118 A.2d 529 (1955).
Under the plain language of the statute there are only two requirements for exemption, (1) ownership by a non-profit corporation, and (2) certification of the property as an historical site by the Commissioner of the Department of Environmental Protection, as the successor to the former Commissioner of Conservation and Economic Development.[1] There is no expressed statutory requirement that this property be used, predominantly or otherwise, in furtherance of its historical purpose. In considering legislative intent, we note that the existence of other exemption statutes which embody use requirements *660 reveal that the legislature expressly adopted such requirements when it intended to do so. In light of these statutes, see and compare, e.g., N.J.S.A. 54:4-3.3, -3.5, -3.6, -3.10, -3.15, -3.24, -3.26, -3.27, most or all of which were enacted before N.J.S.A. 54:4-3.52, we believe that the Legislature would have provided for a use requirement or a provision with respect to the use of any income from commercial leasing of the premises, if it desired to do so. Accordingly, we agree with Woman's Club that the Tax Court added a requirement for exemption not embodied in the statute. Further, it is a well established maxim that while statutes are to be interpreted to save their constitutionality, the constitutional issue should not be addressed "unless absolutely imperative in the disposition of the litigation." Donadio v. Cunningham, 58 N.J. 309, 325-326, 277 A.2d 375 (1971); see also Ahto v. Weaver, 39 N.J. 418, 428, 189 A.2d 27 (1963); Grant v. Wright, 222 N.J. Super. 191, 197-198, 536 A.2d 319 (App.Div. 1988), certif. den. 111 N.J. 562, 546 A.2d 493 (1988).
In Paper Mill Playhouse v. Millburn Tp., 95 N.J. 503, 472 A.2d 517 (1984), discussed by the trial judge in this case, the exemption in question arose under a different statute, N.J.S.A. 54:4-3.6, which required that the property be "actually and exclusively used" by a non-profit association or corporation for "moral and mental improvement" in furtherance of the tax exempt purpose. The Supreme Court considered questions of statutory construction and application, and held that the theatre was entitled to the exemption despite the fact that it retained surplus and occasionally ran financially successful productions. Id. at 520-21, 472 A.2d 517. Unlike Paper Mill Playhouse, here the statute in question does not contain a requirement as to use, exclusive or otherwise, or a prohibition on use of part or all of the premises for profit. See also The Kimberley School v. Town of Montclair, 2 N.J. 28, 65 A.2d 500 (1949), which also involves a construction of N.J.S.A. 54:4-3.6, in which the Supreme Court indicated that the appropriate test for exemption involved consideration of the "dominant motive in the conduct *661 of the school." Id. at 38, 65 A.2d 500.[2] These cases, however, must all be understood in light of the issues raised, the statute involved and the totality of facts.[3]
We do not believe that a construction of one statute must control the construction of another. We further conclude that the language of the statute involved here, N.J.S.A. 54:4-3.52, by its plain language, and in the absence of a use restriction similar to ones embodied in the other real property exemption statutes, must be interpreted to embody only the requirements that the legislature expressed.
The trial judge perceived, however, "that it was the intent of the Legislature to grant tax exemption to a certified site owned by a nonprofit corporation when the use of the property is in furtherance of the preservation of the historic site by making the site available for public purposes, not for commercial purposes." 10 N.J. Tax at 320-321. The judge reached this conclusion in order to avoid a declaration of unconstitutionality by virtue of the constitutional requirement of uniformity of assessment, because "[t]he Legislature could not constitutionally exempt commercial properties from local property taxation solely because they are owned by nonprofit corporations." 10 N.J. Tax at 320. The court stated "[w]hen historic sites are used for commercial purposes, the fact that they are historic and are owned by nonprofit organizations is not sufficient to entitle them to exemption." Id.
*662 Morristown thus contends that a literal reading of the statute without a use restriction would render it unconstitutional because non-profit organizations would enjoy tax exempt status regardless of the use to which the real property is put, while similarly situated profit-making organizations would not enjoy the exemption. It is this concern for uniformity which led the Tax Court to be troubled by the plain language of N.J.S.A. 54:4-3.52. The argument emphasizes that the statute would be unconstitutional as a violation of the uniformity clause because the exemption would be based on the personal status of the owner, rather than on the use to which the property is put. As noted, while contending that the statute is constitutional, the Attorney General at oral argument agreed with the need for some statutory construction in order to preserve its constitutionality. He suggested that, as the exemption is not based on the personal status of the owner, but on the physical status of the property as a historic site, the Legislature intended to assure that a building certified as a historic site and granted exemption would be so used.
We agree with the premise of the trial judge, and with the Attorney General and the Town of Morristown, that tax exemption statutes based upon the personal status of the owner, as opposed to the use of the property, runs afoul of the New Jersey Constitution which provides that property shall be assessed for taxation under general laws and by uniform rules. N.J. Turnpike Authority v. Washington Tp., supra, 16 N.J. at 44-45, 106 A.2d 4. "[T]he use to which the property is devoted is the essential consideration and [it is] not the character or status of the owner" which controls the constitutionality of an exemption. Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 89-90, 118 A.2d 809 (1955). To be a general law, the tax exemption must be based on classifications which rest upon "substantial distinctions" that have a "logical and reasonable basis" and include all property "falling within the named classification." General Electric Co. v. Passaic, 28 N.J. 499, 508, 147 A.2d 233 (1958), app. dism. 359 U.S. 1006, 79 S.Ct. 1146, 3 *663 L.Ed.2d 987 (1959), quoting Schwartz v. Essex County Board of Taxation, 129 N.J.L. 129, 133-34, 28 A.2d 482 (Sup.Ct. 1942), aff'd 130 N.J.L. 177, 32 A.2d 354 (E. & A. 1943).[4] Exemptions from the operation of a tax "must be presumed to rest on [a rational] basis if there is any conceivable state of facts which would support it." Carmichael v. Southern Coal and Coke Co., 301 U.S. 495, 509, 57 S.Ct. 868, 872, 81 L.Ed. 1245, 1253 (1937); see also Madden v. Kentucky, 309 U.S. 83, 87-88, 60 S.Ct. 406, 407-08, 84 L.Ed. 590, 593 (1940); Taxpayers Assn. of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6, 40, 364 A.2d 1016 (1976), cert. den. sub nom. Feldman v. Weymouth Tp., 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977) (equal protection analysis, classification "must be sustained if it can be justified on any reasonably conceivable state of facts.").
Here, as in Township of Princeton v. Bardin, 147 N.J. Super. 557, 371 A.2d 776 (App.Div. 1977), certif. den. 74 N.J. 281, 377 A.2d 685 (1977), the Legislature has differentiated "between organizations such as those involved in this case and profit-oriented and other organizations which do not qualify" for exemption. 147 N.J. Super. at 564, 371 A.2d 776. Bardin dealt with a "Green Acre" property tax exemption under N.J.S.A. 54:4-3.63 to 3.71. The plaintiff township claimed that the exemption was unconstitutional, in part, because it applied only to "nonprofit corporations or organizations organized under the laws of this or any State...." Id. at 563, 371 A.2d 776. We rejected the contention, stating:
This contention has no merit. To be general, a tax exemption statute must draw classifications which rest upon "substantial distinctions" that have a "logical and reasonable basis," and include all property falling within the named classification. General Electric Co. v. Passaic, 28 N.J. 499, 508 [147 A.2d 233] (1958), app. dism. 359 U.S. 1006, 79 S.Ct. 1146, 3 L.Ed.2d 987 (1959); Schwartz v. Essex Cty. Bd. of Taxation, 129 N.J.L. 129, 133-34 [28 A.2d 482] (Sup. Ct. 1942), aff'd 130 N.J.L. 177 [32 A.2d 354] (E. & A. 1943). But see, Switz v. *664 Kingsley, 37 N.J. 566, 583-85 [182 A.2d 841] (1962). A legislative enactment is a special law "if the law does not `affect equally all of a group who, bearing in mind the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves' * * *. Legislation can be unconstitutionally special even where it affects groups [of subjects] if its classification of them has no rational relationship to its object." Meadowlands Regional Redevelop. Agency v. State, 63 N.J. 35, 48 [304 A.2d 545] (1963), [app. dism. 414 U.S. 991, 94 S.Ct. 343, 38 L.Ed.2d 230 (1973).] (Conford, P.J.A.D. t/a, dissenting in part).
The limitation of the instant classification was intended by the Legislature to insure that the tax exemption is not granted to individuals and corporations who would use the exemption for strictly private purposes and economic gain or who engage in activities not permitted by the federal statute. Such an objective clearly fulfills the "logical and reasonable basis" aspect of the General Electric standard.
There is a "substantial distinction" between organizations and corporations which are required by their state charters, and hence by state law, to operate in a nonprofit manner and which are authorized by their charters to engage in and do engage in the conservation activities contemplated by the act, and those individuals, organizations and corporations who are not so limited and authorized or who do not so use their lands. In classifying the property eligible for the exemption, the legislative purpose was to differentiate between organizations such as those involved in this case and profit-oriented and other organizations which do not qualify under the federal statute. We are satisfied that this legislative classification does not reflect an arbitrary or insubstantial differentiation. [147 N.J. Super. at 563-64, 371 A.2d 776].
Our Supreme Court recently had occasion to exhaustively analyze the history, meaning and interplay of the uniformity, N.J.S.A. Const. (1947) Art. VIII, § 1, ¶ 1(a), and exemption, Art. VIII, § 1, ¶ 1, clauses of the constitution. In N.J. St. League of Municipalities v. Kimmelman, 105 N.J. 422, 522 A.2d 430 (1987), with respect to the taxation of real property, the Court stated:
Given that the constitutional focus of the delegates on the taxation of real estate was upon a judicial decision that had sustained the power of the Legislature, prior to the 1947 Constitutional Convention, to allow for the preferential taxation of real estate based on the classification of the industry ... and given that the single galvanizing event that brought about agreement on a tax article was a compromise that gave greater flexibility to the executive and legislative branches in taxing all types of property other than real estate, with the apparent purpose of providing that real property dedicated to municipal tax purposes should never be taxed at an unequal burden, we cannot conclude that the delegates intended that the Legislature could achieve, by the *665 exemption clause, what could not be done under the constitutional restraints imposed upon it. [Id. at 436, 522 A.2d 430].
While finding N.J.S.A. 54:4-23a, an endeavor to encourage the construction of new housing, to be in violation of the uniformity clause, and despite the exemption clause,[5] the Court noted that the drafters of the Constitution were primarily concerned with the preferential taxation of real estate based on the classification of industry and thus with preferential taxation resulting in commercial advantage to one group, as opposed to another. See League of Municipalities, supra, 105 N.J. at 436, 522 A.2d 430. On the other hand, the Court recognized that some classifications advance a purpose "generally beneficial to society as a whole unrelated to a particular industry or the status of the taxpayer," Id. at 438, 522 A.2d 430. While we appreciate Justice Clifford's concurring view in League of Municipalities, we must also recognize his statement (that "the opinion can be read to say that the exemption clause can never defeat the uniformity requirement for taxation of real property. That is my view of the correct holding") embodies the opinion of only one member of the Court. Id. at 440, 522 A.2d 430. Hence, in the words of Justice Clifford, we must wrestle with whether the Court allowed for the possibility that a "`public purpose' classification for partial exemption from real property taxation can be achieved without a constitutional amendment." Id.
In light of the opinion of the Court in League of Municipalities, we believe that a statute providing an exemption, even from real property taxation, can be adopted when it "plainly appear[s] to advance purposes generally beneficial to society as a whole unrelated to a particular industry or the status of the taxpayer." 105 N.J. at 438, 522 A.2d 430. As the majority noted, "[r]ecognition of such exemptions would appear to be *666 much more in accord with the history and tradition that surround this power of exemption." Id. at 438, 522 A.2d 430.
We are not here concerned with a statute giving preferential treatment to a particular industry which the Constitution endeavored to avoid. Nor do we deal with a claim of special legislation. Rather, this case deals with a statutory exemption which makes a "substantial distinction" that has a "logical and reasonable basis", premised on the public purpose and works of a non-profit corporation, General Electric Co. v. Passaic, supra, 28 N.J. at 508, 147 A.2d 233; Township of Princeton v. Bardin, supra, 147 N.J. supra at 564, 371 A.2d 776.[6]
The issue before us is whether N.J.S.A. 54:4-3.52 is constitutional, not whether it would be more faithful to constitutional principles by the addition of a use requirement. In deciding the question presented, we are satisfied that, even though League of Municipalities declared a statute unconstitutional, it supports a holding that the statute before us is constitutional as written by the Legislature.
Accordingly, the judgment of the Tax Court is reversed.
NOTES
[1] See N.J.S.A. 13:1D-2 transferring the functions, duties and powers of the Commissioner of the Department of Conservation and Economic Development to the Commissioner of the Department of Environmental Protection.
[2] It is apparently on this basis that the Attorney General, at oral argument, asserted his construction.
[3] County of Essex v. City of East Orange, 214 N.J. Super. 568, 520 A.2d 788 (App.Div. 1987) certif. den. 107 N.J. 120, 526 A.2d 189 (1987) held that county owned property not used exclusively for public purposes was not tax exempt, but that case dealt with interpretation of N.J.S.A. 54:4-3.3 and concluded that there was "a legislative intention that there be no apportionment when an exemption is claimed under N.J.S.A. 54:4-3.3 as that section does not authorize apportionment." 214 N.J. Super. at 578, 520 A.2d 788.
[4] We recognize that General Electric deals with taxation of personal property, and therefore the uniformity clause relating to "real property," N.J.S.A. Const. (1947) Art. VIII, § 1 ¶ 1(a), was not involved.
[5] Because of its history and specific reference to "real property," the uniformity clause, Art. VIII, § 1, ¶ 1(a), was found to control any conflict with the exemption clause, Art. VIII, § 1, ¶ 2, insofar as taxes on real property are concerned.
[6] We note that in League of Municipalities the majority pointed out that Bardin was not "inconsistent" with constitutional values "in recognizing a public purpose of preservation of open space to warrant exercise of the exemption power." 105 N.J. at 438, 522 A.2d 430.