GEORGE J. BAUMANN, ASSIGNEE OF GEORGE W. WAR-
NECKE & CO., PLAINTIFF-APPELLANT, v. JOHN R.
MUNN, DEFENDANT-RESPONDENT.

Submitted May 21, 1946—Decided October 14, 1946.

For the appellant, *Atwood C. Wolf.*

For the respondent, *Carpenter, Gilmour & Dwyer* (*Patrick A. Dwyer,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J.  John R. Munn, with other members of his family, was the owner of a parcel of land situate in East Orange, Essex County.  Intending to cause complete title to the premises to be vested in a corporation to be formed and to erect an apartment house dwelling on the premises, he contracted with Warnecke & Co., respecting the obtaining of two mortgage loan commitments to finance the planned opera-tion.  Warnecke was to obtain a permanent loan commitment in the amount of $130,000 from the Travelers Insurance Company and, against this, Warnecke was also to obtain a construction mortgage commitment in the amount of $117,000, in which latter commitment construction payments were to be mutually satisfactory.

Compensation to Warnecke was to be due and payable at the time that the commitments were "issued in the company's usual forms."  An alternative arrangement for the payment of this compensation, in view of the disposition here made, is unimportant.

Within the time limitation of the authorization Warnecke produced a commitment of the Travelers Insurance Company, made subject to certain conditions precedent therein specified and which conditions precedent were additional to those set forth in the authorization to Warnecke and in Munn's application to Travelers for the permanent commitment.

One of these conditions required that Travelers be furnished with satisfactory credit information respecting the borrower. There were also requirements that the improvements to be erected must be commenced and completed on or before certain dates there specified. It was further provided that if any one or more of the conditions precedent be not fulfilled or the mortgage loan not closed to the satisfaction of Travelers on or before September 1st, 1941, the commitment, without notice, would automatically terminate and become of no further force or effect.

There is no proof that the construction mortgage commitment was ever obtained save only the testimony on behalf of plaintiff that this commitment, which, except for dates and amount, was substantially similar in form and content to the Travelers commitment, was procured and delivered to the representative of defendant. Plaintiff was unable to support this testimony with any proof from the records of the construction mortgage lender or any of its representatives. For the defendant it was denied that the construction mortgage commitment was ever delivered. The only documentary evidence on this point is found in a letter from counsel to Munn to the Travelers Insurance Company requesting an extension of time for the taking up of the permanent loan commitment of that company, wherein it is stated, "Yesterday, for the first time, we were informed that Lawyers Title Company of Richmond would represent the party who has agreed to place a construction mortgage on this property. We are proceeding as rapidly as possible to contact the Title Company in order to expedite the matter as much as possible." Plaintiff's witness admitted, however, that no arrangement or agreement was made between the parties respecting the detail of mutually satisfactory payments on this commitment.

After receipt of the Travelers' commitment arrangements were made for examination of title to the premises as a result of which it was learned that a partition proceeding was necessary to the making of good title. For this reason the letter requesting extension of time was written. This request was not granted. However, Warnecke continued to call for the credit information and to inquire as to the status of the partition proceeding. Matters continued in this wise until April, 1942, when Warnecke was advised by counsel for Munn that because of federal government regulations then in force limiting building construction Munn was prevented from completing the project. Warnecke thereupon made demand for his compensation. This demand was ignored by Munn and Warnecke assigned the claim to appellant herein who instituted suit thereon.

The complaint in the action for recovery of the claimed compensation alleged the making of the agreement with Warnecke and performance thereof and demanded the agreed compensation. In his answer Munn denied the allegations of the complaint and set forth a number of separate defenses, those with which we are presently concerned being that there was no performance by Warnecke on the theory that the Travelers commitment was a conditional commitment or counter proposal; that this counter proposal was not accepted by Munn, and that Warnecke did not otherwise perform the contract in question in accordance with the terms thereof.

At the trial of the matter the proofs for plaintiff tended to show that the Travelers' commitment was in the usual form of such commitment; that Munn, at the time of the making of the engagement with Warnecke, was familiar with the contents of the usual form of such commitment and had exhibited to him by Warnecke's representative a sample of this usual form of commitment; that dates for commencement and completion of the proposed work of construction were fixed and insisted upon by Munn, and, although they were not set forth in the authorization to Warnecke, they were communicated to Travelers by Warnecke as is usually done and for this reason inserted by Travelers as a condition of the commitment; the acceptance by Munn of the commitment

indicated in the letter of his counsel before referred to re- questing the extension of time of the life of the commitment; his subsequent proceeding to cure the title defect and his admitted purpose of completing the matter when the title question had been satisfactorily resolved. It was orally stipu- lated during the trial that a representative of Travelers, who could not be present, would have testified that the commit- ment here involved was one in usual form for this type of transaction. The consent to this stipulation, however, is qualified by the following language:

"Mr. Dwyer: * * * this commitment of May 7th, issued by the Travelers is in usual form, and is in conditional form.

"Mr. Wolf: You are reading a word into that contract. You can argue that, however, and you may draw whatever inference you wish.

"Mr. Dwyer: I will admit it is the usual form."

A stipulation will be construed in view of the issues in- volved in the pleading. Its language will not be so con- strued as to give to it the effect of an admission of a fact obviously intended to be controverted. 60 *C. J.* 62.

In his own behalf Munn testified that he was not familiar with the usual form of commitment. He denied that he had been shown a sample form and that he had suggested the dates of commencement and completion of the proposed con- struction as set forth in the commitment. He denied that he had accepted the mentioned conditions of the Travelers' commitment and stated candidly that he had been anxious to complete the transaction and that, if he could have made title acceptable to Travelers, he would have accepted the com- mitment with the conditions there imposed. He and another witness in his behalf denied that the construction mortgage commitment was ever made available or delivered.

Upon the completion of the testimony the trial judge sub- mitted the matter to the jury as involving questions of fact. The jury returned a verdict against plaintiff and from the judgment entered thereon appeal is made to this court.

Appellant lists seven points of argument on appeal. Four of these deal with the admission of testimony over appellant's

objection. We have made careful examination of the argument made under these points and conclude that no legal error is presented in any of them.

It is next asserted that the trial court committed error in charging the jury that it was their function to construe the written contract entered into between the parties and the written commitments issued by the proposed mortgagees. It is urged that the construction of these writings, being clear and unambiguous, was exclusively the court's function. We note that only one written commitment, that of the Travelers, was introduced in evidence. The proof as to the construction mortgage commitment has been hereinbefore set out.

It seems clear that the presence of express and indispensable conditions in the Travelers' commitment not contained in the authorization to Warnecke or in the signed application of Munn to Travelers did cast uncertainty and ambiguity upon the instrument. *Wilson* v. *Windolph,* 103 *N. J. Eq.* 275, 278. The burden of proof of "usual form" was upon plaintiff and to meet this burden he introduced parol evidence as to surrounding circumstances and usage as above outlined. Under all of the proofs in the case, disputed as they were, the construction of these instruments was a matter for jury consideration. *Edge* v. *Boardwalk Securities Corp.,* 115 *N. J. L.* 286, 290.

Error is charged in submission to the jury by the trial court of matters or issues concerning which there are no disputes of fact. This charge is without foundation. Each of the enumerated matters or issues was vigorously disputed, as the most casual reading of the testimony will indicate.

The remaining point argues that the failure of the transaction is entirely attributable to the defective real estate title and this cannot defeat appellant's right to compensation because payment was not made contingent upon the closing of the mortgage loan arrangements. It is asserted that the commission or compensation of appellant was earned and became due and payable upon the issuance of the required commitments for the mortgage loans in the usual form as provided in the authorization. But this point assumes that the commitments were issued in the usual form. As has been

before indicated, this was a fact question for the jury and was resolved against appellant.

We have carefully examined all of the argument of appellant and find the same to be without merit.

The judgment appealed from is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BODINE. DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, McLEAN, JJ. 14.

*For reversal*—McGEEHAN, J. 1.