HUMBLE OIL AND REFINING COMPANY, PETITIONER-APPELLANT, v. BOROUGH OF ENGLEWOOD CLIFFS, RESPONDENT-APPELLEE.

Argued October 12, 1976—Decided November 16, 1976.

402

*Mr. Lawrence S. Berger* argued the cause for appellant (*Messrs. Lasser, Lasser, Sarokin and Hochman,* attorneys; *Mr. Richard L. Zucker,* on the petition).

*Mr. Melvin Gittleman* argued the cause for respondent (*Messrs. Capone, Gittleman & Anastasi,* attorneys).

PER CURIAM. In this matter involving the correctness of an assessment for taxes on a parcel of property leased to Humble Oil and Refining Company and used as a gasoline service station, the grant of certification was limited to the issue of the correctness of the Appellate Division determination concerning the method of capitalizing net income, particularly with reference to its conformance with this Court's decision in *New Brunswick v. State of N. J. Div. of Tax Appeals,* 39 *N. J.* 537 (1963). The parties were also requested to brief the question of prejudiciality of the Appellate Division decision if found to be erroneous in that regard.

We find the decision of the Appellate Division to be correct and affirm its judgment substantially for the reasons set forth in its opinion reported at 135 *N. J. Super.* 26 (1975). Implicit in the Appellate Division's decision is the finding that the net annual rental was the fair rental value before taxes. Under those circumstances, capitalizing the net income before taxes is not inconsistent with *New Brunswick.* However, we do not subscribe to that part of the Appellate Division opinion which indicated that even if it were shown that the rent payable under the ground lease were out of line with the fair rental value during the tax years in question (the Appellate Division found otherwise), the

ground lease would still be highly relevant in determining the value of the property for tax purposes.

Affirmed.

CONFORD, P. J. A. D., Temporarily Assigned (concurring). In granting certification in this case the court was not concerned with the Appellate Division's rejection of the taxpayer's attempt to confine the income approach to valuation of the property to the so-called "gallonage" method rather than use of the ground-lease as the most persuasive factor — the major issue contested below. Our only concern, as specified in the limitations stated in the certification order, was as to whether the Appellate Division complied with *New Brunswick v. State of N. J. Div. of Tax Appeals,* 39 *N. J.* 537 (1963), in capitalizing net income *after* (realty) taxes rather than *before* taxes, the latter case apparently mandating the contrary approach in tax assessment appeals. We further solicited argument as to whether any error by the Appellate Division in that regard prejudiced the taxpayer.

The Appellate Division took the $15,000 annual lease rental (net of taxes) and capitalized it at the return rate of 7.5% testified to by the taxpayer's expert to arrive at a valuation of $200,000 for the land. It explained its divergence from the *New Brunswick* rule as follows (135 *N. J. Super.* at 34, n. 1) :

This approach is not inconsistent with the holding in *New Brunswick, supra,* that "[t]he capitalization rate, *including a factor for taxes,* must be applied to net income *before* taxes." (39 *N. J.* at 547; emphasis added). That holding is applicable only where no reliable estimate of true net income is obtainable without first subtracting taxes from gross income (or from gross income less other expenses). Here, since the lessee is responsible under the lease for all taxes and expenses, the $15,000 annual rent payable to the lessor truly represents net income to the fee owner.

The foregoing is sound only to the limited extent that the *New Brunswick* rule of capitalization contemplates a lessor who is to pay taxes out of the rent payable by the lessee.

The distorting effect, in such circumstances, of capitalizing income *after* taxes, arises from the attribution to actual taxes of "a role in reaching" the "valuation of the property" when the amount of the taxes depends upon the answer to the inquiry as to the proper valuation. 39 *N. J.* at 546. In accord: Bonbright, 1 *Valuation of Property* 257–258 (1937). Where, however, the parties enter into a net lease, the lessor to pay the taxes, capitalization of the net income can produce a valuation for taxation free from the stated distorting effect since the actual taxes will have played no role in eliciting the valuation for assessment. Thus, the $200,000 capitalization arrived at by the Appellate Division here is one on which, were it the assessed valuation, the present lease would by its terms bring the owner the agreed fair return (7½%) and yield payment of the precise amount of taxes payable on a $200,000 assessment. We understand that result to be the desideratum of the *New Brunswick* rule of capitalization.

What is theoretically wrong about the Appellate Division capitalization approach, however, is its acceptance of the actual rental income of the property instead of postulating the fair or "economic" rental value. The legal criterion is always the latter. *Parkview Village Asso. v. Bor. of Collingswood,* 62 *N. J.* 21, 29 (1972) and cases there cited. The fact that there was no direct evidence of such fair rental value is no reason for the valuator, whether witness or tribunal, not hypothesizing one from the proofs.

Accordingly, the theoretically correct approach in the instant case should have been for (1) the hypothesizing of an "economic" or fair market rental value before taxes, independent of the actual tax bill on the property, and assuming the owner has the obligation of paying taxes whatever they may be; (2) therefrom fixing the net income before taxes; and (3) capitalizing that figure at a rate for both return and local tax rate. 39 *N. J.* at 546. Although this was not done by the Appellate Division here, for reasons which follow, I discern no prejudice to the taxpayer.

If, as we have assumed, the $15,000 net rental negotiated by the parties in 1964 is reasonably persuasive of the fair rental value of the property, exclusive of a return for tax burden, as of October 1, 1968 and October 1, 1969, it would not appear likely that an adjustment of that figure to accommodate the landlord's putative probable tax burden, capitalized both for a proper rate of return and the local tax rate, would produce a valuation less than the assessed value of the land here in contention. For example, if the actual taxes of $3,077 on the land assessment of $170,000 were added to the $15,000 net lease rental for an assumed fair net rental, before taxes, of $18,077, the capitalized value of the land, using the rate for return and tax rate discussed above, would be $184,457 — well above the assessment here challenged as excessive. The taxpayer has not met its burden of demonstrating the valuation fixed by the local assessor to be above true value.

For the reasons stated, I concur in the court's affirmance of the judgment of the Appellate Division.

CONFORD, P. J. A. D., concurring in the result.

*For affirmance*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*For reversal*—None.