150 N.J. Super. 404 (1977)
375 A.2d 1218
FRANK SCHERE, JOAN SCHERE AND WEMROCK ASSOCIATES, PETITIONERS-RESPONDENTS,
v.
TOWNSHIP OF FREEHOLD, A TAXING DISTRICT IN THE COUNTY OF MONMOUTH AND STATE OF NEW JERSEY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1977.
Decided June 6, 1977.
*406 Before Judges LYNCH, MILMED and ANTELL.
Mr. Duane O. Davison argued the cause for appellant (Messrs. Kaye & Davison, attorneys; Mr. John A. Kaye, of counsel).
Mr. William R. Blair, Jr. argued the cause for respondents (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
The opinion of the court was delivered by LYNCH, P.J.A.D.
*407 The Township of Freehold (township) appeals from a judgment of the Division of Tax Appeals (Division) which purported to fix "roll-back" taxes (N.J.S.A. 54:4-23.8) for the tax years 1972 and 1973 on property which was sold by Frank and Joan Schere to Wemrock Associates, petitioners-respondents (taxpayers). After the sale in 1973 the use of the subject property was changed from agricultural to one not qualified for farmland assessment, thus triggering the application of the cited "roll-back" provision.
There is considerable ambiguity in the Division's decision as well as in the record upon which it was based. The decision appears to hold that since other similar vacant land in the township was assessed at $3,000 an acre, then the assessment of the subject property shall be set at $3,000. (The decision does not go further and fix the "roll-back" taxes which would be due). In any event, the Division's reference to $3,000 an acre was in turn based upon an assertion that: "It is stipulated by the attorneys that all of the subject property and similar vacant land in the area is assessed at $3,000 per acre."
We reject the Division's approach for two reasons: (1) we are unable to agree that any such stipulation was made or effective, and (2) even if it were stipulated that the assessment for "roll-back" purposes was to be based on the assessment of other properties, the stipulation is irrelevant, for the "roll-back" statute provides for a clear, four-step process to calculate the amount of "roll-back" taxes due. N.J.S.A. 54:4-23.8(a), (b), (c) and (d). Subsection (a) mandates a determination of the "full and fair value" of the subject property, and that calculation has nothing to do with the assessment of other properties.
In order for a stipulation to afford a basis for a judicial decision, its terms must be definite and certain and it is essential that they be assented to by the parties or those representing them. 83 C.J.S. Stipulations § 3 at 3. While the Division judge asserted that it was stipulated that *408 other vacant lands in the area were assessed at $3,000 an acre, nowhere in the record does it appear that counsel for the municipality so stipulated.
Further a stipulation, if such exists, will not be construed so as to give to it an effect of an admission of a fact obviously intended to be controverted. Baumann v. Munn, 134 N.J.L. 548, 551 (E. & A. 1946). To attribute to the township's counsel a concession that a $3,000 assessment of the subject property was appropriate would completely fly in the face of the township's contention  first asserted in its complaint for assessment of "roll-back" taxes before the county tax board, and iterated in its proofs before the Division  that the "full and fair value" of the property was $7,000 an acre.
Lastly, a concession that the assessment of other properties was relevant (in the absence of any claim of discrimination, cf. Continental Paper Co. v. Ridgefield Pk., 122 N.J. Super. 446 (App. Div.), certif. den. 63 N.J. 328 (1973)), would relate to interpretation of a statute, an area as to which a stipulation is impermissible. See Fivehouse v. Passaic Valley Water Comm'n, 127 N.J. Super. 451, 457-458 (App. Div.), certif. den. 65 N.J. 565 (1974); Tibbs v. Boemi, 109 N.J. Super. 200, 204 (App. Div.), aff'd 55 N.J. 531 (1970). Indeed, in matters of law, especially of public law, the court is never foreclosed by the silence or stipulation of the litigants. Nolan v. Witkowski, 56 N.J. Super. 480, 501 (App. Div. 1959), aff'd 32 N.J. 426 (1960). For these reasons, reliance by the Division on the alleged stipulation was erroneous.
There remains the interpretation and application of the statute providing for determination of "roll-back" taxes pursuant to N.J.S.A. 54:4-23.8. As we have said above, the first step in the process is that the assessor shall ascertain "(a) The full and fair value of such land under the valuation standard applicable to other land in the taxing district; * * *." The taxpayers, in their appeal to the Division, offered no testimony with respect to the "full and fair *409 value" of the land, its expert expressly stating that he made no study of comparable sales though he did make a comparison of the assessed value and its true value. Thus the Division judge recognized that the taxpayers had not prepared their case "according to value." Likewise in his decision, the judge made no findings or even allusion with respect to the "full and fair value" of the land. Rather his decision is directed to the alleged admission that if the subject property had never become farmland it would still be assessed at $3,000 an acre. On that basis a judgment substantially to that effect was entered.
The concept of "full and fair value," as contained in the statute, is the same as that traditionally applied in the assessment of property, i.e., the fair market value. Cf. N.J.S.A. 54:4-2.25; Delaware, Lackawanna and Western R.R. Co. v. Neeld, 23 N.J. 561, 569 (1957); Gibraltar Corrugated Paper Co. v. North Bergen Tp., 20 N.J. 213, 218 (1955), which, in turn, is defined as the price a willing buyer would pay a willing seller. New Brunswick v. Div. of Tax Appeals, 39 N.J. 537, 543 (1963); Humble Oil Co. v. Englewood Cliffs, 135 N.J. Super. 26, 31 (App. Div. 1975), aff'd 71 N.J. 401 (1976). Therefore, the Division erred in failing to apply the mandate of paragraph (a) of N.J.S.A. 54:4-23.8.
Accordingly, the decision of the Division is reversed and the matter remanded to the Division for the taking of proofs and the making of findings and conclusions in accordance with the mandate of paragraphs a, b, c and d of N.J.S.A. 54:4-23.8. We do not retain jurisdiction.
Appellant's motion to supplement the record for consideration of the materials recited in said motion is granted. However, since such matters have not been material to determination of the appeal pursuant to which our decision has been rendered, they have not been considered at this time. Such matters will be the concern of the Division on the remand.